
FILED

OCT 11 2017

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>LAMAR WEBSTER,<br><br>Defendant/Movant. | Cause No. CR 07-128-BLG-SPW<br>CV 17-137-BLG-SPW<br><br>ORDER DISMISSING AND TRANSFERRING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On September 26, 2017, Defendant Lamar Webster moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Webster is a federal prisoner proceeding pro se.

Webster filed a § 2255 motion on March 15, 2012 (Doc. 124). The motion and a certificate of appealability were denied in this Court on June 4, 2012 (Doc. 127). Webster did not timely appeal (Doc. 92).

The Court of Appeals has not authorized Webster to file a second § 2255 motion in this Court, *see* 28 U.S.C. §§ 2255(h), 2244(c), so the motion must be dismissed for lack of jurisdiction, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). A time bar or procedural bar might apply, but those issues cannot be determined in a court that lacks jurisdiction.

A certificate of appealability is denied because the case is clearly controlled

1

by *Burton. Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Although this Court lacks jurisdiction, the Court of Appeals has jurisdiction to consider an application for leave to file a second § 2255 motion. The motion will be transferred to the Court of Appeals. *See* 28 U.S.C. § 1631.

Accordingly, IT IS HEREBY ORDERED:

1. Webster's second § 2255 motion (Doc. 137) is DISMISSED for lack of jurisdiction and TRANSFERRED to the Court of Appeals;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Webster files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-137-BLG-SPW are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 11th day of October, 2017.

Susan P. Watters
United States District Court